# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF DURRANI,<br><br>                Petitioner,<br>  vs.<br>S.A. HOLENCIK, LARRY ALAN BURNS, ALBERTO GONZALEZ, Attorney General,<br><br>                Respondents. | CASE NO. 07CV1249-LAB (NLS)<br><br>**CASE STATUS, NOTICE, AND SCHEDULING ORDER** |

On July 10, 2007, petitioner Arif Durrani ("Durrani"), proceeding *pro se,* filed a Petition For Writ of Habeas Corpus ("Petition") purportedly pursuant to 28 U.S.C. § 2241. The case was originally assigned to District Judge Napoleon A. Jones, then was reassigned to the undersigned District Judge.[1] In a Discrepancy Order entered August 1, 2007, the court rejected a claim for return of property, indicating that claim was part of the habeas petition and would be dealt with in the normal course.

The court finds the petition actually seeks relief appropriately pursued under 28 U.S.C. § 2255. Durrani asserts he has suffered an "illegal conviction" in case numbers 06mc0160-IEG and 05cr1746-LAB, contending the conviction was for a different offense,

---

[1] Durrani purports to name the undersigned District Judge as a Respondent  The court construes the petition as seeking 28 U.S.C. § 2255 relief.

in purported violation of 18 U.S.C. § 3192, the doctrine of specialty, and Fifth Amendment due process. He attaches to his petition a Ninth Circuit Order filed March 30, 2007 in Case No. 06cv1730-LAB(JMA), which is the subject of separate proceedings in this court following the vacating of the Judgment in the latter case, with instructions on remand. The Ninth Circuit concurred with this court in that earlier case the habeas relief Durrani sought there was also appropriately construed as motion under Section 2255 rather than a petition for 28 U.S.C. § 2241 relief, as he had styled it.

The court has considered Durrani's arguments in the instant petition and rejects his characterization of the relief and grounds for relief in his circumstances in this case as other than a Section 2255 motion. However, before the court can recharacterize a *pro se* filing as a Section 2255 motion, it must provide the following explanation, notice, and admonitions:

> In such circumstances the district court must **notify** the *pro se* litigant that it intends to recharacterize the pleading, **warn** the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and **provide the litigant an opportunity to withdraw the motion or to amend it** so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

Castro v. United States, 540 U.S. 375, 382 (2003) (emphasis added).

The court hereby notifies Durrani of its intent to construe and process his petition in this case as a Section 2255 motion rather than a Section 2241 Petition. The court hereby warns Durrani of the consequences of that treatment:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, **for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion.** § 2255, ¶ 8.

Castro, 540 U.S. at 377 (emphasis added).

/ / /

      Before proceeding, the court provides Durrani with this "opportunity to withdraw, or to amend" the filing (Castro, 540 U.S. at 377, 382), in consideration of the potential consequences. **IT IS HEREBY ORDERED** Durrani may file a request to withdraw his current petition, or to file an Amended Petition on or before **October 31, 2007**. If he neither withdraws nor amends his petition by that deadline, the court will proceed to reach the merits of his petition construed as a Section 2255 Motion. If he does not timely withdraw the petition, **IT IS HEREBY ORDERED** Respondents shall serve and file a Response to the petition or Amended Petition on or before **November 26, 2007**, and Durrani may serve and file a Reply on or before **December 24, 2007**, with the matter thereafter under submission for decision on the papers.

      **IT IS SO ORDERED**.

DATED: September 27, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge